IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>SIDNEY BENJAMIN-FIGUEROA,<br><br>**Defendant** | **CRIMINAL NO.** 10-222 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant Sidney Benjamin-Figueroa's ("Defendant") motion to dismiss. (Docket No. 7). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is a citizen of the Netherlands and was taken into United States custody on May 16, 2010 when his flight KLM 758 from Panama City, Panama to Amsterdam, Netherlands made an unexpected stop in San Juan, Puerto Rico. Defendant admits that he ingested fifty (50) pellets of cocaine before boarding his flight in Panama City, and began to feel ill during his flight. When he informed the flight attendant, a doctor was located on the plane. The doctor recommended an emergency landing, at which time the pilot diverted the flight to Luis Munoz Marin International Airport in San Juan,

Puerto Rico. Officers immediately transported Defendant to a medical facility upon landing in Puerto Rico. X-ray and evaluation confirmed that Defendant had swallowed pellet-shaped objects, so surgery was performed to remove said pellets. Forty-eight (48) pellets were removed from Defendant's alimentary tract during surgery and the content of those pellets later tested positive for cocaine. The gross weight of the cocaine taken from Defendant's body was estimated at one point zero six (1.06) kilograms.

On June 3, 2010, Defendant moved to dismiss his case. Defendant contends that his case should be dismissed because there is no probable cause and because the Court does not have subject matter jurisdiction to adjudicate the criminal offenses with which he has been charged. (Docket No. 7).

On June 16, 2010, the Grand Jury indicted the Defendant, so Defendant's Motion to Dismiss Complaint is being construed as a Motion to Dismiss the Indictment.

On June 19, 2010, the Government filed its Opposition to Defendant's Motion to Dismiss. (Docket No. 18). The Government maintains that subject-matter jurisdiction exists for the charges under which the Defendant was indicted:

(1) 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Controlled Substances

(2) 21 U.S.C. § 952 - Importation of Controlled Substances

(3) 21 U.S.C. § 955 - Possession of Controlled Substances on

an Aircraft.

## STANDARD OF REVIEW

A defendant must raise "a motion alleging a defect in the indictment" before trial. Fed. R. Crim. P. 12(b)(3)(B). In reviewing a motion to dismiss an indictment as defective, all factual allegations set out in the indictment are taken as true. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952); United States v. Bohai Trading Co., 45 F.3d 577, 578 n.1 (1st Cir. 1995). However, "[g]iven the scope of the federal fraud statutes, motions charging insufficient pleadings [in this context] deserve careful consideration." United States v. Czubinski, 106 F.3d 1069, 1071 (1st Cir. 1997).

## DISCUSSION

Because Defendant was indicted on June 16, 2010, the Court will examine Defendant's Motion to Dismiss the Complaint as a Motion to Dismiss the Indictment. Defendant's argument that the Government lacks probable cause to bind him over for Grand Jury presentment is rendered moot by the Indictment; therefore, the Court will only address his arguments in relation to his challenges to subject-matter jurisdiction to adjudicate the criminal offenses with which he has been charged.

A violation of 21 U.S.C. § 955, or possession of a controlled substance on an aircraft, requires a showing that the defendant

Criminal Case No. 10-222 (JAG)                                                    4

"has knowingly brought a controlled substance with him from abroad into the United States" or that he "brought or possessed such a substance while on board an aircraft 'arriving in or departing from the United States.'" United States v. McKenzie, 818 F.2d 115, 118 (1st Cir. 1987)(citations omitted). The actual possession within the United States provides adequate jurisdictional nexus to allow a United States Federal Court to hear the case. Here, Defendant had physical possession of cocaine upon departure from Panama and upon arrival to Puerto Rico. Defendant argues that, because he did not intend to stop in Puerto Rico, he does not have the required *mens rea* to be tried in the United States. However, Defendant's state of mind as he boarded a flight in Panama is irrelevant to the jurisdictional question here. Defendant, regardless of intent, landed in the jurisdiction of the United States with an illegal amount of cocaine in his possession. Therefore, he must face the charges for which he was indicted.

The same reasoning applies to cases involving violations of 21 U.S.C. § 841(a)(1), or possession of a controlled substance with intent to distribute. The First Circuit has upheld convictions under § 841(a)(1) even though a defendant "did not, apparently, intend to distribute the narcotics in the United States." Id.; see also United States v. Mejia-Lozano, 829 F.2d 268 (1st Cir. 1987) and United States v. Franchi-Forlando, 838 F.2d 585 (1st Cir. 1988). Similarly, Defendant in the present case intended to transport his

Criminal Case No. 10-222 (JAG)                                                5

cocaine to the Netherlands, but unexpectedly landed in Puerto Rico upon his request. Defendant himself was the cause of the flight path deviation. He requested medical assistance and was safely transported to a hospital in Puerto Rico, at which time he submitted himself to United States jurisdiction.

Although the cases of McKenzie and Mejia-Lozano involve scheduled stops in Puerto Rico, or "in-transit" passengers, the reasoning of the courts can still be applied to the instant case.

> an "in-transit" exception to § 841(a)(1) would be inconsistent with the Congressional intent underlying both the statute and the United States drug control laws generally...*It would be absurd to ignore Congress' express intent and hold that international drug dealers who make stopovers in the United States are exempt from the U.S. drug laws as long as they do not attempt to go through U.S. Customs.* Nor do we believe that Congress intended the public to bear the risk of violence that is created by any transportation of illicit drugs.

Id. at 119 (quoting United States v. Muench, 694 F.2d 28, 32 (2d Cir. 1982). Allowing Defendant to be exempt from United States jurisdiction is so clearly outside the purview of Congressional intent that it is barely worth considering. Defendant not only went through U.S. customs, but he remained in the country for an extended period of time to recover from his self-induced sickness. He, and all of the other passengers on his flight from Panama,

Criminal Case No. 10-222 (JAG)                                              6

entered United States territory and could have smuggled any number of illegal substances into the country. To allow for this kind of loop hole in the system would be unacceptable. The place of intended distribution is not important so long as the intent to distribute is established together with the fact of possession within the United States. Mejia-Lozano, 829 F.2d at 271 (quoting McKenzie, 818 F.2d at 118); see also United States v. Gomez-Tostado, 597 F.2d 170 (9th Cir. 1979) and Accord United States v. Montoya, 782 F.2d 1554 (11th Cir.). Defendant had an amount of cocaine in his possession that necessarily qualifies him as having the intent to distribute and he can not deny his presence within the United States; therefore, jurisdiction is appropriate in this District.

No specific intent is required for a conviction under 21 U.S.C. § 952, or importation of controlled substances. United States v. Ortiz-Alarcon, 917 F.2d 651 (1st Cir. 1990). The First Circuit dismissed an appeal by a defendant who claimed the district court erred in not instructing the jury "that the accused form the specific intent to bring drugs into the country - or even that he be aware his international flight would stop in the United States." Id. at 652. The court made it clear that a defendant does not have to know that his/her flight might end up in the United States, regardless of the pre-selected flight plan. Although it is reasonable for Defendant to suspect that his flight could land in

Criminal Case No. 10-222 (JAG)                                              7

the United States given that he was flying from Central America to Europe, this knowledge is not necessary to submit him to the jurisdiction. The simple fact that Defendant was in Puerto Rico with cocaine imported via aircraft allows him to face a trial in the United States for violations of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 952, and 21 U.S.C. § 955.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's motion to dismiss. (Docket No. 7).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of August, 2010.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge